IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

**FILED**

MAY 27 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

GEORGE ROBERT DIETERT II,

   Plaintiff,

v.

Civil Action No. _____

UVALDE COUNTY APPRAISAL DISTRICT,

## SA25CA0583 FB

UVALDE COUNTY TAX ASSESSOR-COLLECTOR,

UVALDE COUNTY, and DOES 1-20,

   Defendants.

# VERIFIED COMPLAINT

## I. INTRODUCTION

This is a civil action brought by Plaintiff George Robert Dietert II, a natural living man, to challenge the unlawful and unconstitutional taxation and attempted sale of his homestead property. Plaintiff seeks declaratory and injunctive relief, as well as damages under 42 U.S.C. § 1983 and related constitutional claims.

## II. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the Constitution and laws of the United States, including the Fifth and Fourteenth Amendments, and 42 U.S.C. § 1983. Venue is proper in this district under 28 U.S.C. § 1391(b) because all events and omissions giving rise to the claim occurred in Uvalde County, Texas.

## III. PARTIES

Plaintiff George Robert Dietert II resides at 4886 Ranch Road 1051, Uvalde, Texas 78801. He resides full-time and exclusively at the subject property.

Defendants are public entities and officers operating under color of state law in Uvalde County, Texas, responsible for property tax assessment and enforcement actions challenged herein.

## IV. FACTUAL ALLEGATIONS

1. Plaintiff resides full-time and exclusively at the property located at 4886 Ranch Road 1051, Uvalde, Texas 78801.
2. The property is not used for business or income-producing activities and is therefore exempt from ad valorem taxation under Texas Constitution Article 8, Section 1(c).
3. Defendants have assessed ad valorem taxes on Plaintiff's property despite this constitutional exemption.
4. Plaintiff received inadequate notice and no opportunity to be heard before a jury of his peers prior to the tax enforcement actions.
5. Defendants have scheduled the property for a forced tax sale on June 3, 2025.
6. Plaintiff has suffered and will continue to suffer irreparable harm, including loss of property, constitutional violations, emotional distress, and financial hardship.

## V. CLAIMS FOR RELIEF

Count One – Violation of the Fifth Amendment Takings Clause

Defendants' attempt to seize Plaintiff's property without just compensation constitutes a violation of the Takings Clause of the Fifth Amendment to the U.S. Constitution.

Count Two – Violation of Due Process under the Fourteenth Amendment

Defendants deprived Plaintiff of property without notice and opportunity to be heard, in violation of his due process rights guaranteed by the Fourteenth Amendment.

Count Three – Violation of 42 U.S.C. § 1983

Defendants, acting under color of state law, violated Plaintiff's constitutional rights, entitling him to damages and injunctive relief under 42 U.S.C. § 1983.

## VI. RELIEF REQUESTED

7. A declaratory judgment that the attempted taxation and sale of Plaintiff's property is unconstitutional and unlawful;
8. An order enjoining Defendants from proceeding with any tax sale of the subject property;
9. An award of damages in the amount of $25,000,000;
10. Any such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ George Robert Dietert II

George Robert Dietert II

4886 Ranch Road 1051

Uvalde, Texas 78801

Sui Juris

Dated: May 27, 2025