**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **GEORGE ROBERT DIETERT, II,**<br>**Plaintiff,**<br><br>**v.**<br><br>**UVALDE COUNTY APPRAISAL DISTRICT, UVALDE COUNTY TAX ASSESSOR-COLLECTOR, UVALDE COUNTY, and DOES 1-20.**<br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No.**<br>**2:25-CV-00043-EG-MHW** |

**REPORT AND RECOMMENDATION**

United States District Judge Ernest Gonzalez referred the above-captioned matter to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b). Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days after a complaint is filed. Here, the Plaintiff filed his complaint, *pro se*, in May of 2025, and has not served any of the Defendants to date. When a plaintiff fails to timely serve their opposing parties, a court has the authority to dismiss their claim without prejudice as long as the plaintiff does not show good cause for their delay. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The undersigned explicitly asked the Plaintiff to show cause, and he failed to respond entirely. As a result, the undersigned finds no good cause for the Plaintiff's delay. *See Kersh v. Derozier*, 851 F 2d 1509, 1512 (5th Cir. 1988) (holding that the standard to show good cause "is a strict one" even where a plaintiff is proceeding *pro se*). Thus, the undersigned **RECOMMENDS** that the Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

The undersigned also notes that dismissals under Rule 4(m) require analysis under a heightened standard where it is likely that the dismissal will effectively act as a dismissal with prejudice. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (citing *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir.1976)). Generally, this is where a dismissal without prejudice precludes a plaintiff from re-bringing their claim because the statute of limitations on that claim has already expired. *See, e.g., Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013)). Here, the Plaintiff is bringing claims

pursuant to 42 USC § 1983—which allows individuals to pursue state actors for violations of their constitutional rights. (ECF No. 1, at 2.) Section 1983 claims have a statute of limitations of two years, and that time period begins to accrue at the time a plaintiff can "file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Usually, this is where a plaintiff knows or has reason to know of the injury which forms the basis of their action. *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016).[1] However, the issue of accrual is complicated in this instance because it is unclear whether the Plaintiff's "injury" has already occurred. The injury the Plaintiff complains of is a tax that the Defendants have assessed against his home—which they are currently *attempting* to collect. (ECF No. 1, at 2.) The undersigned is not sure whether the assessment of the Tax constitutes a sufficient injury or if the statute of limitations would accrue from a different point in time because the Tax has not been collected. Further, the Plaintiff does not indicate when the Tax was assessed—so the point in time that the statute of limitations began to accrue is further obfuscated.

Regardless, it is not necessary to answer these questions here because the Plaintiff's case could be dismissed under the heightened standard. That standard requires that there is a clear record of delay—which must be longer than a few months and involve a significant period of inactivity. *Thrasher v. City of Amarillo*, 709 F.3d 509, 512–13 (5th Cir. 2013). Additionally, indication that a plaintiff is directly at fault for the delay, like when they are representing themselves, can also provide further justification for dismissal. *Id.* at 514. Courts must also consider whether lesser sanctions would better serve the interests of justice. *Id.* at 513.

Since the Plaintiff filed his complaint in May of 2025, there is no record that he is made any attempt at service—whatsoever. Such a period of inactivity by a plaintiff who is solely responsible for the service of their complaint is more than sufficient grounds to dismiss the case under the heightened standard. *See, e.g., id. at* 510 (affirming a dismissal under the heightened standard where a pro se plaintiff

[1] Congress did not include a statute of limitation in § 1983, but the Fifth Circuit has held that its statute of limitations is the same as personal injury causes of action within the forum state. *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016). Texas has a two-year statute of limitations, and, thus, so does § 1983 in this case. *Id.* (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(b)).

only attempted service twice over a year period). Further, it is unlikely that a lesser sanction would better serve the interests of justice because the Plaintiff is unresponsive to the undersigned—which evinces both a lack of desire to prosecute this case and a lower probability that a different type of sanction would motivate him to do so.

I. Notice of Right to Object

The parties may wish to file objections to the above recommendations. Failure to file written objections to the findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its receipt shall bar an aggrieved party from receiving de novo review by the District Court of the findings and recommendations contained herein, *see* 28 U.S.C. § 636(b)(1)(C), and shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (superseded by statute other grounds).

**SIGNED** this 29th day of June 2026.

MATTHEW H. WATTERS
UNITED STATES MAGISTRATE JUDGE