**FILED**
July 15, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: JP
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **GEORGE ROBERT DIETERT II**<br>*Plaintiff,*<br><br>**v.**<br><br>**UVALDE COUNTY APPRAISAL DISTRICT, et al.**<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.: **DR:25-CV-00043-EG** |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation (the "Recommendation"), ECF 15, of the Honorable Matthew Watters, United States Magistrate Judge, entered on June 29, 2026. Judge Watters recommends that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint (the "Complaint"), ECF 1, filed on May 27, 2025. Upon review of the Recommendation, the record, and the applicable law, the Court **ADOPTS** the Recommendation and **DISMISSES WITHOUT PREJUDICE** the Complaint.

This case arises from Defendants' alleged unconstitutional taxation and attempted sale of Plaintiff's homestead property. (Compl., ECF No. 1). Specifically, Plaintiff argues that Defendants assessed an ad valorem tax on the property despite an exemption that allegedly applies under Article 8, Section 1(c) of the Texas Constitution. (*Id.* at 2). Notwithstanding the merits of his claims, Plaintiff has not served Defendants within 90 days of filing his complaint. (R&R 1, ECF No. 15). He has also failed to show good cause for that failure. (*Id.* at 1).

None of the Parties have filed an objection to the Recommendation "within fourteen days after being served with a copy . . . ." 28 U.S.C. § 636(b)(1). Accordingly, the Court reviews the Recommendation to determine whether it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court concludes that the findings and conclusions within the Recommendation are neither clearly erroneous nor contrary to law. Since filing the Complaint in May 2025, Plaintiff has neither served Defendants nor responded to the Court's order to show cause for that failure. (R&R at 1). Such prolonged inactivity by a plaintiff solely responsible for service is sufficient grounds for dismissal without prejudice. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Even if the heightened standard of review applies, dismissal without prejudice remains proper because Plaintiff's inactivity persisted for over a one-year period. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 512–13 (5th Cir. 2013) (affirming dismissal under the heightened standard where a pro se plaintiff only attempted service twice over a year period). And a lesser sanction is unlikely to better serve the interests of justice because Plaintiff's unresponsiveness "evinces both a lack of desire to prosecute this case and a lower probability that a different sanction would motivate him to do so." (R&R at 3).

**IT IS THEREFORE ORDERED** that the Honorable Magistrate Judge Matthew Watters's Report and Recommendation, ECF 15, be **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff George Robert Dietert II's Complaint, ECF 1, be **DISMISSED WITHOUT PREJUDICE** and that a clerk's judgment shall be entered, terminating this cause of action.

**SIGNED**, this 15th day of July 2026.

Ernest Gonzalez

ERNEST GONZALEZ
UNITED STATES DISTRICT JUDGE